E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2468/1785
    Facsimile: (213) 894-0141
    E-mail:    daniel.obrien@usdoj.gov
               maxwell.coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
09/23/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: GR DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
SEP 23 2024
CENTRAL DISTRICT OF CALIFORNIA
BY: rsm DEPTUY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ADAM IZA,
  also known as "Ahmed Faiq"
  and "The Godfather,"

    Defendant.

No. 2:24-MJ-05809-DUTY

GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER SEALING COMPLAINT AND RELATED DOCUMENTS; DECLARATION OF MAXWELL COLL

**(UNDER SEAL)**

    The government hereby applies ex parte for an order that the complaint, arrest warrant, detention request, this ex parte sealing application and proposed order, and any other related documents or attachments filed in the above-titled case be kept under seal until the Court issues an unsealing order or an arrest warrant is executed in this matter.

///

///

This ex parte application is based on the attached memorandum of points and authorities, the declaration of Maxwell Coll, and the records and files in this case.

Dated: September 23, 2024            Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

　　/s/ Maxwell Coll
DANIEL J. O'BRIEN
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government requests that this Court seal the complaint, arrest warrant, detention request, this ex parte sealing application and proposed order, and any other related documents or attachments filed in the above-titled case, in order to maintain the integrity of its investigation.  Approval from this Court to seal these documents is required under Local Rule 79-5.1.  The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants.  In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam) (holding that even aside from Federal Rule of Criminal Procedure 41 "courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778, 779-80 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41.  In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996).  In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued.  If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there had been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 516-17; accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

1

Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's investigation and to avoid flight from prosecution by a target of this investigation. Accordingly, the government requests that the documents described in the attached declaration be kept under seal until the Court issues an unsealing order or an arrest warrant is executed in this matter.

**DECLARATION OF MAXWELL COLL**

I, Maxwell Coll, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the investigation of this matter, in which the government has submitted an affidavit in support of a complaint and arrest warrants.

2. The defendant charged in the above-captioned complaint has not been taken into custody on the charges contained in the complaint and has not been informed that he is named as a defendant in the complaint, nor is he aware that the government is seeking a search warrant to execute at or near the time of his arrest. The likelihood of apprehending the defendant is likely to be jeopardized if the complaint in this case were made publicly available before the defendant is taken into custody. In addition, should the defendant become aware of his impending arrest, there is a likelihood that he may destroy evidence, tamper with witnesses, or notify coconspirators.

3. Accordingly, the government requests that the complaint, arrest warrant, detention request, the ex parte sealing application and proposed order, and any other related documents or attachments filed in the above-titled case be sealed and remain so until such time as an unsealing order is issued or until the arrest warrant is executed in this matter.

///
///
///

1

4.   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on September 23, 2024.

*/s/ Maxwell Coll*
MAXWELL COLL