```
                                            FILED
                                    CLERK, U.S. DISTRICT COURT

                                         SEP 2 4 2024

                                    CENTRAL DISTRICT OF CALIFORNIA
                                    BY              DEPUTY
```

1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   DANIEL J. O'BRIEN (Cal. Bar No. 141720)
4  Assistant United States Attorney
   Senior Litigation Counsel
5  Public Corruption & Civil Rights Section
   MAXWELL COLL (Cal. Bar No. 312651)
6  Assistant United States Attorney
   Cyber & Intellectual Property Crimes Section
7  J. JAMARI BUXTON (Cal. Bar No. 342364)
   Assistant United States Attorney
8  Public Corruption & Civil Rights Section
        1500 United States Courthouse
9       312 North Spring Street
        Los Angeles, California 90012
10      Telephone: (213) 894-2468/1785/3519
        Facsimile: (213) 894-0141
11      E-mail:    daniel.obrien@usdoj.gov
                   maxwell.coll@usdoj.gov
12                 jamari.buxton@usdoj.gov

13 Attorneys for Plaintiff
   UNITED STATES OF AMERICA
14
                    UNITED STATES DISTRICT COURT
15
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
16
   UNITED STATES OF AMERICA,        No. 2:24-mj-05809
17
              Plaintiff,            GOVERNMENT'S AMENDED NOTICE OF
18                                  REQUEST FOR DETENTION
              v.
19
   ADAM ASSAD IZA,
20   also known as "Ahmed Faiq" and
   "The Godfather,"
21
              Defendant.
22

23
        Plaintiff, United States of America, by and through its counsel
24
   of record, hereby requests detention of defendant and gives notice of
25
   the following material factors:
26
   ☐    1.   Temporary 10-day Detention Requested (§ 3142(d)) on the
27
             following grounds:
28

☐ a. present offense committed while defendant was on release pending (felony trial),
☐ b. defendant is an alien not lawfully admitted for permanent residence; and
☐ c. defendant may flee; or
☐ d. pose a danger to another or the community.

☒ 2. Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:
  ☒ a. the appearance of the defendant as required;
  ☒ b. safety of any other person and the community.

☐ 3. Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):
  ☐ a. defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;
  ☐ b. defendant cannot establish by clear and convincing evidence that he/she will not flee.

☐ 4. Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):
  ☐ a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐ b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐ c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐ d. defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒ 5. Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐ b. an offense for which maximum sentence is life imprisonment or death;

3

|   |   |   |
|---|---|---|
| ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
| ☐ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| ☒ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| ☒ | f. | serious risk defendant will flee; |
| ☒ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |

☐ 6. Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____
_____
_____
_____

//
//
//
//
//

4

7.  Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: September 24, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


  /s/ *Maxwell Coll*
DANIEL J. O'BRIEN
MAXWELL COLL
J. JAMARI BUXTON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA